IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C

UNITED STATES OF AMERICA

Plaintiff,

v.

$153,968.16 SEIZED FROM BANK OF
AMERICA ACCOUNT NO.
XXXXXXXX8500 et al.,

Defendants.

MAR 21 2007

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

CIVIL ACTION NO.

1:05-CV-2084-JEC

## ORDER & OPINION

This case is presently before the Court on defendant Charles Smith's Motion to Stay Proceedings or, in the Alternative, to Enlarge Time to Respond to Complaint [42], defendant Andrew Miller's Motion to Stay Proceedings or, in the Alternative, to Enlarge Time to Respond to Complaint [43], defendant Charles Smith's Motion to Enlarge Time to Respond to Complaint [44], and defendant Andrew Miller's Motion to Enlarge Time to Respond to Complaint [45].

The Court has reviewed the record and the arguments of the parties and, for the reasons set out below, concludes that defendants' Motions to Stay Proceeding [42,43] should be **DENIED** and defendants' Motions to Enlarge Time to Respond to Complaint [42,43] should be **GRANTED**, defendant's Motion to Enlarge Time to Respond to

AO 72A
(Rev.8/82)

Complaint [44] should be **GRANTED,** and defendant's Motion to Enlarge Time to Respond to Complaint [45] should be **GRANTED.**

**BACKGROUND**

This suit is a civil forfeiture action to seize various bank accounts and property allegedly involved in money laundering or derived from unspecified unlawful activity. (Compl. [1].)  Yellow Page Directory Publishers, Inc. ("YPDPI") is a business associated with  Charles Smith and Andrew Miller. (*Id.* ¶ 17.) Plaintiff, the United States, alleges that YPDPI mailed unsolicited, fraudulent bills to numerous businesses and churches designed to mimic legitimate local Yellow Pages directory providers in the hope that these entities would mistakenly pay YPDPI. (*Id.* ¶¶ 18, 23.)  At no point did YPDPI, Miller, or Smith represent a legitimate telephone directory. (Pl.'s Response to Defs.' Mot. to Stay or in the Alternative to Enlarge Time to Respond to Compl. "Pl.'s Resp." [47] at 2.)

Payments were mailed to numerous locations throughout the United States, but were ultimately forwarded to the same Miami, Florida address. (Compl. ¶¶ 35, 38).  Between June and July, the Government executed search warrants for the Miami address and seized financial assets associated with YPDPI. (*Id.* ¶¶ 51, 60-65.)

Consequently, on August 11, 2005 the Government filed a complaint alleging that defendant properties are subject to

2

forfeiture, pursuant to 18 U.S.C. § 981(a)(1)(A), as property involved in a money laundering transaction in violation of 18 U.S.C. §§ 1956-57, (*Id.* ¶ 66), and subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C), as proceeds traceable to specified unlawful activities, in violation of 18 U.S.C. §§ 1341, 1343, 1956-57. (*Id.* ¶ 67.)

On December 8, 2005, in an effort to perfect notice, the Government contacted defendants' counsel.  On December 19th, the Government sent the complaint and summons to defendants' counsel. (Pl.'s Resp. at 8.)  The Government subsequently informed defendants' attorneys that defendants are under a criminal investigation. (Def.'s Mot. to Stay Proceedings [43] at 2.)  The Government did not contact defendants individually because they reside outside the United States. (Defs.' Mot. to Enlarge Time to Respond to Compl. [45] at 2.)

On February 21, 2006, defendants asked for and received an extension of time to file an Answer.  The Government did not oppose this motion, and the time was extended until March 21, 2006. (Unopposed Motion for Extension of Time to File Answer [34].)

Plaintiff filed this action in the United States District Court for the Northern District of Georgia Atlanta Division (Compl.).  This court has subject matter jurisdiction over defendant properties pursuant to 28 U.S.C. §§ 1345, 1355(a), 1356. (Compl. ¶ 1).

3

AO 72A
(Rev.8/82)

Likewise, venue is proper pursuant to 28 U.S.C. §§ 1355(b), 1395. (Compl. ¶¶ 2-4.)

### DISCUSSION

### I. Defendants' Motions to Stay Proceedings

Because defendants[1] Smith and Miller face parallel criminal and civil investigations, they ask the Court, in accordance with 18 U.S.C. § 981(g)(2) to stay the civil forfeiture proceedings until the Government's criminal investigations are complete. 18 U.S.C. § 981 (g)(2) states:

> Upon the motion of a claimant, the court shall stay the civil forfeiture proceeding with respect to that claimant if the court determines that--
>
> (A)   the claimant is the subject of a related criminal investigation or case;
>
> (B)   the claimant has standing to assert a claim in the civil forfeiture proceeding; and
>
> (C)   continuation of the forfeiture proceeding will burden the right of claimant against self-incrimination in the related investigation or case.

---

[1]   The actual defendants are not Miller or Smith, as "[a] forfeiture proceeding is not an action against the claimant but rather is an in rem action against the seized property brought under the fiction that the property itself is guilty of facilitating the crime." *United States v. $38,000.00 Dollars in U.S. Currency*, 816 F.2d 1538, 1543 n.12 (11th Cir. 1987) (relying on *Calero-Toledo v. Pearson Yacht Leasing Co.*, 416 U.S. 663, 680-84 (1974)).

For ease of reference, however, the Court uses the term defendants, to refer to both Miller and Smith, who have filed identical pleadings.

AO 72A
(Rev.8/82)

The Government does not dispute that defendants satisfy the first element. The Government argues, however, that defendants have satisfied neither part (B) nor part (C) of the statute. The Government contends that, because they did not file a verified claim, the defendants lack the requisite statutory standing necessary to assert a claim in a forfeiture suit. The Government also argues that, even if the defendants have standing, the parallel criminal and civil proceedings do not violate defendants' Fifth Amendment rights against self-incrimination.

### A. Statutory Standing

Along with Article III standing, statutory standing "is a threshold issue" that a claimant in a forfeiture proceeding must establish before the court can grant claimant's request. *E.g., United States v. $38,000.00 in U.S. Currency*, 816 F.2d 1538, 1544 (11th Cir. 1987) (citations omitted). 18 U.S.C.A. § 983(a)(4)(A) provides that, if the Government "files in the appropriate [court] . . . a complaint for forfeiture of property, any person claiming an interest in the seized property may file a claim asserting such person's interest in the property in the manner set forth in the Supplemental Rules for Certain Admiralty and Maritime Claims . . . " Therefore, the "requirements of Supplemental Rule C(6) are only invoked after the Government has executed judicial process." *Via Mat Int'l S. Am. Ltd. v. United States*, 446 F.3d 1258, 1263 (11th Cir. 2006).

5

AO 72A
(Rev.8/82)

Consequently, "[i]n order to contest a Government forfeiture action, claimants must have statutory standing through compliance with Supp. Admiralty and Maritime Claims R. C(6)...." *United States v. One Colt AR-15 Firearm Serial Number TA03524*, 349 F. Supp. 2d 1064, 1067 (W.D. Tenn. 2004)(Todd, J.)(citations omitted).

Rule C(6) demands that a verified claim be filed within a certain time period. 28 U.S.C. Supp. Admiralty and Maritime Claims R. C(6). This requirement is "essential to confer[ring] statutory standing upon a claimant in a forfeiture action." *United States v. $125,938.62*, 370 F.3d 1325, 1328 (11th Cir. 2004) (*quoting United States v. 175,918.00 in U.S. Currency*, 755 F. Supp. 630, 632 (S.D. N.Y. 1991). To meet his burden, a defendant cannot passively rely on the Government's pleadings, but must instead affirmatively state his interest in the property at issue.[2]   *E.g.,United States v. Five Hundred Thousand Dollar*, 730 F.2d 1437, 1439 (11th Cir. 1984). This burden is minimal and does not require that defendants explain in any detail the nature of their interest. *See United States v. 116 Emerson St.*, 942 F.2d 74, 78 (1st Cir. 1991) (citations omitted).

_____

[2]   "Therefore, although the Government bears the initial burden of proving probable cause, it does not bear that burden with respect to a given claimant unless the claimant makes a valid claim that he has a legally cognizable interest in the property that will be injured if the property is forfeited to the Government. It is this claim of injury that confers upon the claimant the requisite "case or controversy" standing to contest the forfeiture." *$38,000 Dollars*, 816 F.2d at 1543 n.12 (11th Cir. 1987)

AO 72A
(Rev.8/82)

The record in this case supports the Government's contention that defendants lack statutory standing. Defendants have not complied with the requirements set forth in C(6). Defendants' anticipated Fifth Amendment defense is not a substitute for meeting the statutory requirement to show standing. "An assertion of the privilege simply does not substitute for filing a claim in a forfeiture proceeding." *Ringor v. United States*, 887 F. Supp. 1371, 1381 (D. Haw. 1995) (citing *Baker v. United States*, 722 F.2d 517, 519 (9th Cir. 1983)(rejecting contention that Fifth Amendment allowed claimant to invoke the privilege rather than assert a property interest)). Consequently, the court **DENIES** Miller and Smith's request to stay these proceedings.

**B.   Fifth Amendment Right Against Self-Incrimination**

Even if defendants had satisfied the requirements for statutory standing, they have not yet made a sufficient showing that these proceedings would violate their Fifth Amendment right against self-incrimination. The mere existence of parallel criminal and civil proceedings do not violate one's constitutional rights.

Without detailing how their testimony would be compelled, defendants' request amounts to little more than a naked assertion of privilege. When "a defendant makes no showing or explanation of how the introduction of evidence would have prejudiced him, he cannot rest on the Fifth Amendment to invalidate forfeiture proceedings."

7

(*Id.*) (citing *United States v. 566 Hendrickson Blvd.*, 986 F.2d 990, 996 (6th Cir. 1993) (citing *United States v. $250,000 in U.S. Currency*, 808 F.2d 895, 900-01 (1st Cir. 1987)(blanket assertion of the Fifth Amendment is no defense to forfeiture proceedings))). Like the *Ringor* court, without additional information this court "cannot evaluate whether the information would have been incriminating, or, indeed, compelled." (*Id.*)   To grant defendants' request, would "convert the privilege from the shield against compulsory self-incrimination which it was intended to be into a sword whereby a claimant asserting the privilege would be freed from adducing proof in support of a burden which would otherwise have been his." *United States v. Rylander*, 460 U.S. 752, 758 (1983).

Furthermore, the cases defendants cite[3] do not support their position.   None seek a stay under 18 U.S.C. § 981(g)(2), and are thus largely inapplicable.   Indeed, *Statewide's* allowance of a stay has explicitly been limited to situations that would not now apply. *Statewide* has been read as being only applicable "when a business has been 'shut down'. . . mere diminishment of business activity or capacity" is not sufficient. *United States v. Victoria-21*, 3 F.3d

---

[3]  *United States v. All Assets of Statewide Auto Parts, Inc.*, 971 F.2d 896 (2d Cir. 1992); *SEC v. Healthsouth Corp.*, 261 F. Supp. 2d 1298 (N.D. Ala. 2003); *United States v. Puello*, 814 F. Supp. 1155 (E.D.N.Y. 1993).

8

AO 72A
(Rev.8/82)

571, 574 (2d Cir. 1993)(citations omitted). To interpret *Statewide* so as "to encompass the seizure of business bank accounts and vehicles, as opposed to actual possession of a business premises and seizure of all assets . . . is a result we cannot countenance and certainly did not intend by our ruling in Statewide." (*Id.* at 575.)

Thus, the scenario resisted by the Second Circuit--shutting down a business through the seizure of all financial assets and of the entire physical premises--would not be triggered here. Here, the Government only seeks to seize financial assets and has not prohibited the defendants from otherwise operating a legitimate enterprise.

Consequently, even if statutory standing exists, defendants' Fifth Amendment argument appears speculative at this point. Following the filing of a claim, the defendants may endeavor to make a stronger showing, if they choose.

## II.  Requests to Enlarge Time to File a Complaint

Under Rule C(6), it is within a district court's discretion to extend the time to file a complaint. *See United States v. $125,938.62*, 370 F.3d 1325, 1328 (11th Cir. 2004). This discretion is not boundless, and should be exercised only when "the goals underlying the time restriction...are not thwarted." *United States v. 281 Syosset Woodbury Rd.*, 791 F. Supp. 61, 64 (quoting *United States*

9

*v. 1982 Yukon Delta Houseboat*, 774 F.2d 1432, 1436 (9th Cir. 1985))

The goals of C(6)'s time and verification requirements are threefold:

   (1)   provide the Government with timely notice that forfeiture will be contested;

   (2)   deter the filing of false claims; and

   (3)   encourage claimants to state their interest as soon as possible so that "the dispute [can be] resolved without delay."

*See $125,938.62*, 370 F.3d at 1328.

   Considering the goals of Rule C(6), the Eleventh Circuit has listed a number of factors that should guide a district court in exercising its discretion. (*See id.* at 1329.) Four of these factors are: (1) whether the Government had sufficient notice that claimants were asserting an interest in the property; (2) whether the Government has been prejudiced by the delay; (3) the reasons for the delay; and (4) the amount at issue. These relevant factors suggest that an extension of the date for filing a claim was appropriate in this case.

   First, the Government is on notice as to the identities of the individuals with interest in the seized property. Indeed, the Government's attorney has been in contact with defendants' counsel. Further, despite defendants' failure to file a timely claim, the Government is nonetheless aware of defendants' attempts to stay proceedings and to file an adequately verified complaint.

10

Second, the Government has made no showing as to how it would be prejudiced by an extension.

Third, the defendants proffer justifiable reasons for a delay. Like the defendants in *In re $125,938.62*, defendants reside outside of the United States.  Furthermore, even had the delay been caused by attorney negligence, "[t]he  district court should be wary to not confer the sins of the attorney unto the claimant in a civil forfeiture case, especially when the prejudice to the Government, if any, is slight." (*Id.*)

Fourth, there is a significant amount of money at issue.  While there was only approximately $800,000 at issue in *In re $125,938.62*, in the present case, over $3 million has been seized.

Ultimately, "[f]orfeiture is a harsh penalty especially when the outcome is forced because of technical and procedural errors."  To avoid ths result, "'amendments should be liberally permitted to add verifications to claims originally lacking them' provided that the amendment would not undermine the 'goals underlying the time restriction and verification requirements of Rule C.'" (*Id.*) (internal citations omitted.)  Whenever possible cases should be decided on their merits, not technicalities. Consequently, the court **GRANTS** Miller and Smith's Motions to Enlarge Time to Respond to Complaint.

11

Although an extension is appropriate, this Court has already effectively conferred quite a lengthy extension, as the motions for an extension were submitted almost a year ago.  Given this already lengthy extension, the Court expects the defendants to file their claim within **thirty (30)** days of the date of this Order.

### CONCLUSION

For the foregoing reasons, the Court **DENIES** defendants' Motions to Stay Proceeding [42,43]; and the Court **GRANTS** defendants' Motions to Enlarge Time to Respond to Complaint [42,43, 44, 45].

SO ORDERED, this _21_ day of March, 2007.

JULIE E. CARNES
UNITED STATES DISTRICT JUDGE

12